Submitted on briefs, October 27; affirmed November 25, 1947

## McDONNELL *v.* McLEAN
186 P. (2d) 783

*Pat H. Donegan,* of Burns, for appellant.

*C. B. McConnell,* of Burns, for respondent.

KELLY, J.

The transactions involved herein began on March 1, 1943, when defendant-appellant sold to plaintiff-respondent an undivided one-half interest in and to 2,000 ewes, with bucks, at the price of $11,400.

Plaintiff received credit upon the purchase price by reason of the cancellation of a debt owing to plaintiff from defendant in the sum of $500 for wages earned by plaintiff. Plaintiff paid $500 in money to defendant upon the purchase price. Originally, plaintiff agreed to pay $1,000 in cash, but was not able to pay more than $500 thereof. It was agreed by the parties that the balance of the purchase price, amounting to $10,400, with interest thereon, would be paid by work, labor and services of plaintiff in caring for, herding and depasturing, said sheep and increase as a sheep herder.

In the written agreement of purchase and sale that the parties executed on said date of March 1, 1943, the plaintiff is designated as the buyer and the defendant is designated as the seller.

The pertinent terms and conditions contained in said agreement are as follows:

" * * * That in the fall of this, and each succeeding year, immediately after the wool and lambs are sold, the parties shall compute the expense of operation of said livestock from this date, and thereafter annually, and divide the profit, if any, equally, share and share alike. The buyer's share of such profit shall be applied upon this agreement as follows, *First*, to the payment of the interest accrued upon said balance computed at the rate of five per cent per annum; and *Secondly*, to the reduction of the aforesaid balance due to the seller. Losses in operation shall also be divided equally and before any credit can be allowed to the buyer on any year's operation the losses of the preceding year, or years, shall be first deducted from the profits. The aforesaid sheep shall be operated in this manner until the buyer pays to the seller the whole balance.

"When such balance, with interest, is paid in the time and manner as before specified to the seller, the seller agrees to give to the buyer a good and sufficient Bill of Sale transferring and conveying to the said buyer the aforesaid one-half interest in and to said sheep, and their increase and crops, remaining undisposed of at said time, free and clear of all taxes, liens and encumbrances whatsoever; but, until such balance and interest is paid the seller retains the title to such property and all of the wool and products therefrom."

The parties continued their relation to each other in accordance with their agreement of March 1, 1943, until on or about October 1, 1945, at which time, according to an allegation in plaintiff's second amended complaint that is expressly admitted in defendant's amended answer,

" * * * the plaintiff agreed to sell his one-half interest in the sheep then jointly owned by said parties to the defendant, to-wit: Approximately

2,380 head of ewes and 40 head of lambs, at the agreed price of $9.00 per head for the ewes and $6.00 per head for the lambs, or a total agreed consideration of $10,830.00 to be paid in cash after deducting therefrom the amount owing by the plaintiff to the defendant.''

■ The crucial question presented by this record is, whether, in determining the amount owing from plaintiff to defendant on or about October 1, 1945, account should be taken of the difference in the appraised valuations as shown by the annual inventories of the stock in suit.

The testimony of Mr. Donegan, supplemented by copies of the record, discloses that on January 1, 1945, the appraised value of the stock in defendant's flock, as reflected in the inventory of that date, was $26,240.00; and that on October 1, 1945, according to the inventory of that date, the appraised value of the flock, being the sheep, an undivided one-half interest in which defendant then purchased of plaintiff, was $21,660.00. Obviously, this discloses an estimated loss of $4,580.00.

As disclosed by the testimony of Mr. Donegan, supplemented by a copy of the record, a loss is also shown by the inventories of defendant in the sum of $2,335.00 during the year 1944.

The solution of the question must be found by determining what agreement was made by the plaintiff and defendant. It is not even suggested that the plaintiff ever expressly agreed that in determining the amount of his earnings, recourse should be had and effect given to the appraisals reflected in defendant's inventories.

■ It is argued that, because plaintiff assented to a change proposed by defendant in the matter of the

basis upon which defendant should report the amount of his income to the government and to the state of Oregon from that of a cash basis to that of an accrual basis; and because plaintiff made his income tax reports upon an accrual basis, plainitff should be charged with having assented to the use of the same method in determining his earnings as that which was employed to determine the amount of his income taxes and those of defendant.

In the annual settlements had between plaintiff and defendant viewing most favorably the testimony in support of defendant's contention, we find but one annual settlement at which the deduction, on account of the purported inventory loss from the amount that otherwise would have been due to plaintiff as his earnings, was presented; and that was in the final settlement after defendant had purchased plaintiff's interest in the sheep. Mr. Donegan testified that the failure to present that matter was an oversight. The plaintiff disclaims having assented to any such deduction and the defendant referred the matter to Mr. Donegan.

Mr. Donegan prepared the income tax reports of both parties plaintiff and defendant. When the parties plaintiff and defendant finally agreed upon the price of plaintiff's interest, nothing was said between them about the basis upon which their income tax reports had been made. We are unable to construe this record as showing that the minds of the parties met upon the matter and hence we think that the learned trial judge did not err when he held that the equities herein are with plaintiff and entered a decree to that effect.

The judgment and decree of the circuit court is affirmed.